**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2227**

NOHELIA M. CASTILLO,

        Plaintiff - Appellant,

    v.

JOANN URQUHART, M.D., P.C.; JOANN URQUHART,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:17-cv-01810-PX)

Submitted:  April 1, 2021                     Decided:  April 16, 2021

Before GREGORY, Chief Judge, and WILKINSON and THACKER, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

Michael K. Amster, Philip B. Zipin, Anthony G. Bizien, ZIPIN, AMSTER & GREENBERG, LLC, Silver Spring, Maryland, for Appellant.  James D. Baldridge, Robin S. Burroughs, Courtney A. Sullivan, VENABLE, LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nohelia Castillo appeals the district court's order granting summary judgment to her former employers, Joann Urquhart and Joann Urquhart, M.D., P.C. ("Practice"), (collectively, "Defendants"), on her unpaid overtime and retaliation claims raised under the Fair Labor Standards Act, 29 U.S.C. §§ 207(a)(1), 215(a)(3), and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-420, 428 (West 2011). Upon our review, we conclude that the district correctly granted summary judgments to Defendants on Castillo's retaliation claims but erred in granting summary judgment on Castillo's overtime claims. We therefore affirm in part and vacate in part the district court's order, and remand for further proceedings.

A court may "grant summary judgment only if, taking the facts in the best light for the nonmoving party, no material facts are disputed and the moving party is entitled to judgment as a matter of law." *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899 (4th Cir. 2003). We review the district court's award of summary judgment de novo. *Brooks v. Johnson*, 924 F.3d 104, 111 (4th Cir. 2019). In other words, we, like the district court, must review the facts in the light most favorable to Castillo, drawing all reasonable inferences in her favor. *Id.* If the record, so viewed, gives rise to genuine factual disputes about whether Castillo worked uncompensated overtime hours or whether Defendants retaliated against her, then those questions must be resolved by a jury, not by the court on summary judgment. *Id.* at 111–12. A dispute is "genuine" for these purposes so long as a reasonable jury could resolve it in Castillo's favor. *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotation marks omitted).

2

Turning first to Castillo's retaliation claims, an employer's lawsuit against her current or former employee can "constitute an act of unlawful retaliation . . . when the lawsuit is filed with a retaliatory motive and lacking a reasonable basis in fact or law." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008). A suit has a reasonable basis in fact if it raises "a genuine issue of material fact that turns on the credibility of witnesses or on the proper inferences to be drawn from undisputed facts." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 (1983). A suit has a reasonable basis in law "if there is any realistic chance that the plaintiff's legal theory might be adopted." *Id.* at 747.

After Castillo filed federal suit against Defendants, the Practice counterclaimed, alleging that Castillo had breached her fiduciary duty to the Practice by performing non-work tasks using the Practice's time and resources. Defendants also filed suit in state court, alleging that Castillo had engaged in constructive fraud and invasion of privacy by forging Urquhart's signature on an immigration document. Castillo herself admits that she performed non-work tasks at the office and printed out an immigration document using the Practice's printer. Because Castillo concedes the accuracy of some of the Defendants' allegations, but disputes the details, Defendants' claims present an issue of fact "that turns on the credibility of witnesses or on the proper inferences to be drawn from [the] undisputed facts." *Bill Johnson's Restaurants, Inc.*, 461 U.S. at 745. Accordingly, we find that those claims have a reasonable basis in fact.

Likewise, we find that the Defendants' claims have a reasonable basis in law. Defendants reasonably alleged the elements of Maryland constructive fraud, invasion of

3

privacy, and breach of fiduciary duty, and thus those claims had a "realistic chance" of success. *Bill Johnson's Restaurants, Inc.*, 461 U.S. at 747. Though Castillo quibbles over the exact contours of Maryland law, the novelty of a claim does not defeat its reasonableness. *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 532 (2002) (noting even actions asserting novel legal theories can be reasonable because they "promote the evolution of the law by supporting the development of legal theories that may not gain acceptance the first time around"). Because Defendants' claims are reasonably grounded in fact and law, a jury could not find that they constitute "act[s] of unlawful retaliation." *Darveau*, 515 F.3d 334, 341 (4th Cir. 2008). Therefore, the district court correctly determined that Defendants were entitled to summary judgment on Castillo's retaliation claims.

With respect to Castillo's unpaid overtime claims, to establish a claim for unpaid overtime wages, an employee must establish, by a preponderance of the evidence, (1) that she worked overtime hours without compensation, (2) the "amount and extent of [her] overtime work as a matter of just and reasonable inference," and (3) that her employer knew or should have known that she worked overtime. *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986); *see Poe v. IESI MD Corp.*, 220 A.3d 333, 339 (Md. Ct. Spec. App. 2019). Castillo testified that she generally did not receive a lunchbreak and that she worked an extra hour to hour-and-a-half each day—testimony corroborated, at least in part, by documents showing emails sent and prescription records entered after hours, and even by Urquhart's own testimony describing a busy cardiology practice that required constant attention to patients. Despite the fact that some of Castillo's testimony was corroborated

4

by these records, the district court discounted Castillo's testimony as not credible, a judgment inappropriate on summary judgment review. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a [court]. . . ruling on a motion for summary judgment."); *see also Summerlin v. Edgar*, 809 F.2d 1034, 1039 (4th Cir. 1987) (holding conflicting testimony as to disputed issue creates genuine issue of material fact).

Furthermore, while the district court found that Castillo's assertions were too conclusory to constitute evidence, where, as here, the employer fails to record the employee's hours, the employee may prove her work hours through estimates and approximations. *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 107-09 (4th Cir. 1988) (stating plaintiffs' exhibits estimating their overtime hours over three years were sufficient to establish hours worked, though not employers' knowledge); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). The employee need only show a "reasonable inference as to the extent of the damages," and the "employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had [s]he kept records." *Mt. Clemens Pottery Co.*, 328 U.S. at 688. Given Castillo's testimony, her corroborative documentative evidence, and reasonable inferences drawn from Urquhart's own description of her Practice and her employees' schedules, we find that a jury, viewing the evidence in Castillo's favor, could reasonably infer that Castillo routinely worked at least some uncompensated overtime hours during her employment.

We therefore conclude that summary judgment was inappropriate on Castillo's overtime compensation claims.

We accordingly affirm the district court's grant of summary judgment in part, vacate in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART.*